UNITED STATES FEDERAL DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| NAKISHA BLAKELY<br>Plaintiff,<br><br>v.<br><br>CHIMKO AND<br>ASSOCIATES, P.C.<br>Defendant. | Case No.<br>Hon. |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1  Jurisdiction of this Court arises pursuant to 15 U.S.C. § 1692k(d).

2  This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3  Venue is proper because the acts and transactions occurred in Flint, Michigan Genesee County, Michigan ("here"), Plaintiff resides here, and Defendant transacts business here.

### PARTIES

4. Plaintiff Nakisha Blakely is a natural person who at all relevant times resided in Genesee County, State of Michigan, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Chimko & Associates, P.C. (hereinafter "Chimko") is an entity that regularly collects debt or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and thus constitutes a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. On information and belief, a debt was incurred based upon purchases for an auto that was financed through RPM Auto Sales, Inc. that was used primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7. Plaintiff's alleged debt was consigned, placed or otherwise transferred to defendants for collection from plaintiff.

8. Defendants brought suit against Plaintiff in 2010 in the 68th District Court based upon an alleged debt owing to RPM Auto Sales, Inc. 10-0107-GC.

9. Defendants obtained a judgment by default against plaintiff on May 3, 2010.

10. On September 13, 2013, defendants filed a tax income garnishment.

11. On January 29, 2014, plaintiff filed a Chapter 7 Bankruptcy in the E.D. of Michigan 14-30201-dof listing the debt to RPM and noticing defendants.

12. On May 6, 2014 plaintiff received a discharge from the Bankruptcy Court.

13. On information and belief, in June 2014, defendants received a Garnishment Disclosure form from the Michigan Department of Treasury indicated that defendants would receive $255.00 from monies held for plaintiff by the State.

14. At some point in time after the filing of the bankruptcy, Plaintiff's then-counsel Tony Abueita contacted defendants demanding the monies back.

15. Defendant refused to refund the money.

16. According to Defendant, in June 2014 Defendant paid itself and its client, RPM Auto Sales, Inc.

17. Taking and distributing monies from third-parties constitutes an attempt or

collection of a debt.

18. Defendant failed to seek permission from the bankruptcy court before paying itself and its client.

19. Defendant took the action without having file an Administrative Order staying the 68th district court case.

20. Defendant's acts in actually taking the money without just authority constitutes a false representation and misrepresents the legal status of the debt.

21. At the time that defendants took the money, plaintiff was not personally liable on the debt.

## CAUSES OF ACTION
### COUNT I.
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

22. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

23. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

24. Defendants violated 15 U.S.C. § 1692f(1) because it collected monies not permitted by law.

25. As a result of the act, plaintiff did not receive her money back from defendant and thus suffered damages.

26. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to declaratory relief, actual damages, statutory damages in an

amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant.

## TRIAL BY JURY

27. Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

- For declaratory relief that Defendant violated the Fair Debt Collection Practices Act in in failing to move for relief from the automatic stay prior to disbursing funds to itself and its client.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendants and for Plaintiff;

- for such other and further relief as may be just and proper.

Dated: May 8, 2015                                        Respectfully submitted,


*/s/ Andrew L. Campbell*
Andrew L. Campbell
1000 Beach St, Suite B
Flint, MI 48502

(810) 232-4344
hundy24@yahoo.com
Attorney for Plaintiff